UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
100 STATE STREET
ROCHESTER, NEW YORK 14614
(585) 613-4320
FAX (585) 613-4325

CHAMBERS OF
ELIZABETH A. WOLFORD
DISTRICT JUDGE

June 19, 2014

Derrick R. Omaro (92A0608)
Great Meadow Correction Facility
P.O. Box 51
Comstock, New York 12821-0051

    RE:    *Omaro v. Annucci et al.*, No. 13-cv-06442 EAW

Dear Mr. Omaro:

    The Court is in receipt of your letter dated June 9, 2014, indicating that you would like to seek discovery from Defendants in this matter and asking for the Court's instruction.

    Western District of New York Local Rule of Civil Procedure Rule 26(b) provides that no party may seek discovery from any source prior to participating in a conference pursuant to Federal Rule of Civil Procedure 26(f). Generally speaking, a Rule 26(f) conference is scheduled in anticipation of a scheduling conference held pursuant to Federal Rule of Civil Procedure 16. In this case, because the Defendants have filed a motion for summary judgment, the Court has not held a scheduling conference. Under these circumstances, you are not permitted to seek discovery unless the Defendants agree to such discovery or the Court issues a scheduling order.

    To the extent that you are asking the Court to issue a scheduling order permitting discovery, the Court has the discretion to stay discovery pending determination of the summary judgment motion. *See S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988); *Mitchell v. New York State Dep't of Correctional Services*, No. O6-CV-6278CJS, 2012 WL 3860813, at *3 (Sept. 5, 2012). Due to the pending motion for summary judgment which seeks to dismiss your lawsuit in its entirety, the Court has decided to exercise its discretion in this case and stay any discovery until after the pending motion for summary judgment is decided.

Derrick R. Omaro (92A0608)
June 19, 2014
Page 2

      The Court notes your concerns regarding obtaining discovery from Defendants who are no longer employed by the Department of Corrections. These Defendants are represented by the New York State Attorney General's Office. If the Court denies the pending summary judgment motion, you will be able to serve discovery requests on Defendants' attorney in the normal course of litigation.

      If you have additional procedural questions, please contact the Court's *pro se* office.

SO ORDERED

Very truly yours,

Elizabeth A. Wolford
United States District Judge

EAW/cdh

cc:    Hillel D. Deutsch, A.A.G.

Mr. Derrick R. Omaro (92A6868)
Great Meadow Correctional Fac.
P.O. Box-51
Comstock, New York 12821-0051

June 9th, 2014

Hon. Elizabeth A. Wolford, Judge
United States District Court
Western District of New York
U.S. Courthouse
100 State Street,
Rochester, New York 14614

Re: Omaro v. Annucci et Al
    6:13-cv-06442-EAW

Dear Hon. Wolford:

I ask your indulgence and promise to be as brief as humanly possible. Hon. Judge Wolford, it was my intention to write and ask the Court's permission to file and request for 'Discovery'. However, I just learned today that four (4) out of the six Respondents involved in my lawsuit nolonger work or are employed by the New York State Department of Corrections and Community Supervision. The Respondent's talked about are Vernon Fonda, Bradt, Hughes and Shearing — leaving only Annucci and Chisolm.

For the Court's information, I learned of the four (4) Respondents by accident nolonger working for Docss. I would have thought that the Respondents counsel would have informed the Court and myself, however, I don't think even the Respondent's Attorney is aware of the fact.

RECEIVED
ELIZABETH A. WOLFORD

JUN -9 2014

United States District Judge
Western District of New York

Assuming the Court was to give me permission to seek "Discovery", I would have no way of locating those four (4) Respondents/Witnesses no longer work for the Department of Corrections and Community Supervision. I can't serve my discovery request on Annucci or Chisolm, and expect either to respond for those no longer employed by DOCCS.

So, I am compelled at this point to ask the Court what I should do. I want to ask permission to seek some form of discovery, especially from Respondent Shearing, but the quiet, immediately upon being served by the U.S. Marshal.

So, rather than asking for permission to seek discovery, I am compelled to ask the Court's instruction.

Thank you for your time.

Respectfully,
Derrick R. O—
Derrick R. Otako

ccs: file/DRO